**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT ANTHONY DOVE, | : | |
| | : | Civil Action No. 08-3236 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | O P I N I O N |
| | : | |
| OFFICER FOGG, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Robert Anthony Dove, Pro Se
East Jersey State Prison
Lock Box R
Rahway, NJ 07065

**CHESLER**, District Judge

Plaintiff Robert Anthony Dove, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, brings this civil action alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee. At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. 1915A(b).

## BACKGROUND

According to the complaint, plaintiff states that on February 6, 2008, he was removed from general population at the South Woods State Prison and later charged with a ".005 threatening charge and a .306 conduct which disrupts." Plaintiff states the charges were "concocted and fabricated" by defendants Sergeant Lore, Officer Fogg, and Officer Dooley.

Plaintiff states that he and Officer Dooley and Fogg exchanged words. Apparently, Fogg stated to plaintiff "you fake a\*\* killer!" to which plaintiff replied, "You mistaking me for someone else I'm not here for killing anymore YOU BETTER CHECK MY RECORD!!" (Complaint, ¶ 11 (emphasis in original)). Defendant Fogg asked plaintiff if his words were a threat, and defendant Dooley stated, "be prepared to walk the walk!" (Complt., ¶ 11). Defendant Lore was called to the unit and charges were placed against plaintiff. Plaintiff was taken to detention, and defendant Fogg stated to him, "Dove let me see you call your family now." (Complt., ¶ 13).

A disciplinary hearing took place and plaintiff was found guilty of the charges by defendant Hearing Officer Jantz. He was sentenced to loss of 300 commutation credits and 300 administrative credits. (Complt., ¶ 17). Plaintiff disputes the procedures used in his hearing, stating that he was not informed of the right to use a polygraph test. (Complt., ¶¶

14-19). Dove also claims to be a special needs inmate, and was told that the sanctions were too severe for a special needs inmate. (Complt., ¶ 20).

Plaintiff also notes that he has had problems with defendant Fogg in the past, when plaintiff's mother reported to the administration that plaintiff had been denied lunch by Officer Fogg, and defendant Fogg "was out to get [him] ever since then." (Complt., ¶ 22).

Plaintiff asks for monetary relief for violations of his constitutional rights.

## DISCUSSION

### A. Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary

relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8

pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

B. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **False Disciplinary Charges and Related Due Process Claims**

Plaintiff's damages claims based upon due process violations in connection with allegedly false disciplinary charges and procedurally defective disciplinary hearings are not ripe until such time as the disciplinary proceedings have been invalidated through habeas corpus or some other means.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. See 411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits. See 411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser,

whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that

"a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

In Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. See 520 U.S. at 646-8.

As the challenged false disciplinary charges and procedurally-flawed hearings resulted in a loss commutation and administrative credit time, the damages claim cannot proceed until such time as the disciplinary finding is invalidated through habeas corpus or some other appropriate means. Thus, these claims will be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim

upon which relief may be granted, pursuant to 28 U.S.C. § 1915A. An appropriate order accompanies this opinion.

                                                   STANLEY R. CHESLER
                                                   United States District Judge

Dated: *November 25, 2008*